UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RBC NICE BEARINGS, INC. AND | : | |
| ROLLER BEARING COMPANY OF | : | |
| AMERICA, INC., | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1380 (VLB) |
| PEER BEARING COMPANY, | : | |
|     Defendant. | : | October 27, 2009 |

MEMORANDUM OF DECISION AND ORDER GRANTING THE DEFENDANTS'
MOTION FOR PARTIAL JUDGEMENT ON THE PLEADINGS [DOC. #141]

The Plaintiffs, RBC Nice Bearings, Inc. and Roller Bearing Company of America, Inc. ("Plaintiffs"), brought this case for injunctive relief and damages against Peer Bearing Company ("Defendant" or "Peer"), asserting trademark infringement, unfair competition, advertising injury, and palming off/passing off claims in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1225(a)), a copyright infringement claim in violation of the Copyright Act (17 U.S.C. §§ 101 *et seq.*), and Connecticut state law claims for unjust enrichment, unfair competition, and violation of the Connecticut Unfair Trade Practices Act (CUTPA) (Conn. Gen. Stat. §§ 42-110a *et seq.*) and the Connecticut Unfair Sales Practices Act (CUSPA) (Conn. Gen. Stat. §§ 42-115e *et seq.*).  Presently pending before the Court is the Defendant's motion for partial judgment on the pleadings seeking dismissal of Plaintiffs' copyright claim to the extent it relies upon allegations concerning works that were not registered with the United States Copyright Office at the time that Plaintiffs filed this action.  For the reasons set forth below, the Defendant's motion

is GRANTED.

## I.  Factual and Procedural Background

The pleadings reveal the following facts relevant to the Defendant's motion for partial judgment on the pleadings.  The Plaintiffs, RBC Nice Bearings, Inc. and Roller Bearing Company of America, Inc., are in the business of manufacturing and selling ball bearings.  Plaintiffs assign numbers to their bearing products under a system that utilizes the term "Series" preceded by a particular number, such as 1600, 7500, 7600, 600 and 6900.  These numbers have been used by Plaintiffs to designate their bearings since 1946.

The Defendant, Peer, is a competitor of Plaintiffs' in the manufacture and sale of ball bearings.  Peer advertises and marks its bearings with "numbers that correspond to Plaintiffs' bearing series numbers" and "specific bearing numbers for products that replicate the same bearing numbers on Plaintiffs' identical bearing products."  Third Amended Complaint, ¶ 12.

Both Plaintiffs and Peer market their bearings through the use of catalogs. Plaintiffs' catalogs identify the Series designations at issue and list the bearing numbers within these Series.  Peer's catalogs include the same Series designations and bearing numbers.  Plaintiffs allege that their catalogs "contained original drawings, unique layouts, designs and organization of the information presented on the group of bearings constituting the 1600 Series, and later the 7500 and 7600 Series lines of bearings . . . ."  Third Amended Complaint, ¶ 36. According to Plaintiffs, Peer has committed copyright infringement by copying the 1600, 7500 and 7600 Series designations and bearing numbers within these Series,

2

as well as information relating to these bearings, from Plaintiffs' catalogs and including these designations and information related thereto in its own catalogs. Plaintiffs further allege that Peer copied their "engineering drawings" for bearings in the 1600, 7500 and 7600 Series in order to manufacture them.  Third Amended Complaint, ¶¶ 42-43.

Plaintiffs filed their initial Complaint in this action on September 5, 2006. The initial Complaint did not contain any reference to copyrights.  On October 6, 2006, Plaintiffs filed an Amended Complaint, which introduced a claim for copyright infringement and identified two copyright registrations, TX 6-088-981 and TX 6-084-494.  On December 19, 2006, Peer filed a Motion for a More Definite Statement, arguing that the copyright allegations in the Amended Complaint failed to adequately identify the works in which Plaintiffs claimed copyrights, and which of Peer's materials infringed these works.  On January 4, 2007, this Court denied Peer's Motion for a More Definite Statement based on Plaintiffs' representation that they would file a Second Amended Complaint that would address Peer's concerns.

Plaintiffs filed their Second Amended Complaint on January 12, 2007, in which they expanded their copyright allegations to include a reference to NICE Ball Bearings Catalog 240A ("Catalog 240A"), as well as other unspecified catalogs and engineering drawings of ball bearings.  The copyright registration numbers that appeared in the first Amended Complaint were removed, and no registration numbers were listed.

On June 1, 2007, Plaintiffs filed a motion to amend their pleadings again. This Court granted leave to amend on July 3, 2007.  Plaintiffs' Third Amended

3

Complaint was filed on July 6, 2007.  The copyright allegations are substantially the same as those in the Second Amended Complaint, except that Plaintiffs specifically identified the NICE Ball Bearings Catalog 240 ("Catalog 240") as registered under Copyright Registration No. A 882-029.  All references to Catalog 240A were deleted from the Third Amended Complaint.  The Third Amended Complaint refers to other "catalogs" and "bearing drawings" that Peer allegedly infringed, but fails to specifically identify these catalogs and drawings and fails to allege that they were registered with the United States Copyright Office.

Plaintiffs concede that they did not have registrations for any of the catalogs or drawings that Peer allegedly infringed other than Catalog 240 at the time they filed this action.  However, Plaintiffs allege that they did register four additional catalogs and that they provided Peer with notice of these registrations over a year before the instant motion was filed.  Specifically, Peer's Interrogatory Number 8 stated as follows:

> Identify in detail all facts and conclusions upon which any Plaintiff believes Defendant has infringed a valid and enforceable copyright which has been properly registered and is currently owned by Plaintiffs. Please identify all copyright registrations and renewals which Plaintiffs believe cover works that Plaintiffs contend Defendant has infringed.

Plaintiffs supplemented their response to Interrogatory Number 8 on March 28, 2008, and provided the following information regarding their copyright registrations:

> 1) Catalog 240 - Copyright Registration No. A 882-029 (RBC 977 - RBC 1121);
> 2) Catalog 240A - Copyright Registration effective September 20, 2007 (RBC 1844 - RBC 2007);
> 3) Catalog 240B - Copyright Registration effective December

4

12, 2007 (RBC 261 - RBC 301; RBC 2050 - RBC 2097);
     4) 1997 Catalog - Copyright Registration effective September 17, 2007 (RBC 1781 - RBC 1843); and
     5) 1999 Catalog - Copyright Registration TX-6-594-961 (RBC 1733 - RBC 1780).

## II.  Discussion

Peer seeks partial judgement on the pleadings as to Plaintiffs' claim for copyright infringement on the basis that certain works referred to in the Third Amended Complaint were unregistered at the time that this action was filed.

In the Third Amended Complaint, Plaintiffs allege that Peer infringed their registered copyright in Catalog 240, which Plaintiffs attach to the Complaint.  The Third Amended Complaint also refers to other "catalogs" and "bearing drawings" that Peer allegedly infringed, but fails to specifically identify these catalogs and drawings and fails to allege that they were registered.  Plaintiffs concede that in fact these works were not registered at the time that this action was filed, but claim, at least with respect to four of the catalogs, that they have since obtained registrations and that Peer was on sufficient notice of their intent to allege copyright claims based upon infringement of these catalogs because they were identified to Peer during discovery.[1]

"The standard for granting a Rule 12(c) motion is identical to that of a Rule 12(b)(6) motion for failure to state a claim."  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  "Under Federal Rule of Civil

---

[1] The catalogs at issue are Catalog 240A, Catalog 240B, 1997 Catalog, and 1999 Catalog, which were identified in Plaintiffs' supplemental Interrogatory Responses dated March 28, 2008.

Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  While Rule 8 does not require detailed factual allegations, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (internal citations omitted).  Furthermore, when applying Rule 8(a) to copyright infringement actions, certain facts must be alleged with specificity, including (1) which specific works are the subject of the claim, (2) that the plaintiff owns the copyrights in these works, (3) that the copyrights in question have been registered in compliance with the Copyright Act, and (4) by what acts and during what time the defendant infringed the copyright.  DiMaggio v. Int'l Sports Ltd., No. 97 Civ. 7767, 1998 WL 549690, at *1 (S.D.N.Y. Aug. 31, 1998).

The Copyright Act provides that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright has been made in accordance with this title."  17 U.S.C. § 411(a). The Second Circuit has interpreted this provision to be jurisdictional, and therefore held that district courts lack subject matter jurisdiction over infringement claims arising from unregistered copyrights.  See In re Literary

6

<u>Works in Electronic Databases Copyright Litigation</u>, 509 F.3d 116, 121-22 (2d Cir. 2007).  This is the well-established law of this Circuit and of numerous others. <u>See</u> <u>id.</u> ("Whether [section 411(a)] is jurisdictional is not up for debate in this Circuit.  On two recent occasions, we have squarely held that it is.  We are far from alone in this regard; there is widespread agreement among the circuits that section 411(a) is jurisdictional.  Given our own binding precedent, not to mention the persuasive authority of our sister circuits, we again conclude that section 411(a)'s registration requirement limits a district court's subject matter jurisdiction to claims arising from registered copyrights only.") (internal citations omitted). Just as the Second Circuit declined to overrule the precedent of another panel of this Circuit, this District Court declines to do so here.  As stated by the Second Circuit in <u>Literary Works</u>:

> Under the copyrights laws, copyright protection . . . is entirely distinct from whether a copyright holder is permitted to institute an action in federal court.  On that score, the legislative history of the Copyright Act and its amendments is crystal clear:  Congress intended section 411(a) to prevent courts from hearing the claims of copyright holders who do not first file for registration.  The House Report to the 1976 amendments to the Act, for example, notes that "The first sentence of section 411(a) restates the present statutory requirement that registration must be made before a suit for copyright infringement is instituted."  H.R. Rep. No. 94-1476 at 157 (1976), <u>reprinted in</u> 1976 U.S.C.C.A.N. 5659, 5773. The Report goes on to note that "a copyright owner who has not registered his claim . . . cannot enforce his rights in the courts until he has made registration."  <u>Id.</u>   The Senate, in its consideration of the 1988 amendments to the Act, pointed out that "As a result of Section 411(a), compliance with copyright registration procedures is a statutory prerequisite to the right of an author or other copyright proprietor to seek any redress, whether by injunction, damages or both, for infringement of the work," and that without registration, "judicial enforcement of the claim to copyright cannot be obtained."  S. Rep. No. 100-352 at 13-14 (1988), <u>reprinted in</u> 1988 U.S.C.C.A.N. 3706, 3718-19; <u>see also</u> <u>id.</u> at 19, <u>reprinted in</u> 1988 U.S.C.C.A.N. at 3724 ("[C]opyright

claims in an unregistered work cannot be judicially enforced.").
509 F.3d at 125 n.6.  Although, as Plaintiffs point out, the Supreme Court has
granted certiorari in <u>Reed Elsevier, v. Muchnick</u>, 129 S.Ct. 1523 (2009) to address
whether Section 411(a) restricts the subject matter of federal courts over copyright
infringement actions, <u>Literary Works</u> remains binding law at this time and
therefore mandates the dismissal of Plaintiffs' claims based upon unregistered
copyrights.

 Plaintiffs also suggest that, even if the Court finds that it lacks jurisdiction
over its copyright claims for monetary damages based on unregistered copyrights,
the Court should enjoin Peer's infringement of such copyrights.  However, the
Second Circuit has "never held that a district court may enjoin the infringement of
unregistered copyrights so long as the underlying action arises from a registered
copyright held by the same party."  <u>Literary Works</u>, 509 F.3d at 123.  The Second
Circuit in <u>Literary Works</u> further stated that "even if injunctive relief against
infringement of an unregistered copyright is available, that relief is properly
limited to situations . . . where a defendant has engaged in a pattern of
infringement of a plaintiff's registered copyrights and can be expected to continue
to infringe new copyrighted material emanating in the future from the plaintiff."  <u>Id.</u>
(citing <u>Olan Mills, Inc. v. Linn Photo Co.</u>, 23 F.3d 1345, 1349 (8th Cir. 1994); <u>Pac.
and S. Co. v. Duncan</u>, 744 F.2d 1490, 1499 (11th Cir. 1984)).  In the present case, it
is not alleged that Peer engaged in a pattern of infringement of Plaintiffs'
registered copyrights.  Therefore, the Court declines to grant the injunctive relief
requested by Plaintiffs.

Furthermore, even if the Court had jurisdiction over Plaintiffs' claims based on unregistered copyrights, these claims must still be dismissed because the Third Amended Complaint fails to allege with specificity which works are the subject of their claims.  See DiMaggio, 1998 WL 549690 at *1-*2.  Instead, the Third Amended Complaint merely refers to other "catalogs" and "bearing drawings" that Peer allegedly infringed without elaboration.  Plaintiffs contend that Peer had notice of the specific copyrights that they allege were infringed based upon their supplemental answer to an interrogatory in March 2008 that provided registration information for four other catalogs in addition to Catalog 240.  However, Plaintiffs provide no justification for their failure to amend their pleadings to include allegations based upon these other catalogs.  Notably, Plaintiffs' Second Amended Complaint specifically referenced Catalog 240A as having been infringed by Peer, but Plaintiffs *removed* any reference to Catalog 240A in their Third Amended Complaint.  In these circumstances, Peer was entitled to assume that Plaintiffs made a strategic decision to only pursue their copyright claim based on Catalog 240, and that Plaintiffs were not asserting claims based on other works.

Finally, Plaintiffs argue that they should be granted leave to amend their Third Amended Complaint to include allegations based on the four catalogs at issue.  The determination of whether leave to amend should be granted is within the discretion of the trial court, and a number of factors may be considered, including undue delay, bad faith, previous amendments, and undue prejudice to the opposing party.  Forman v. Davis, 371 U.S. 178, 182 (1962).  Here, the catalogs that Plaintiffs seek leave to add to their Complaint were published in 1966, 1975,

9

1997 and 1999.  Again, Plaintiffs provide no justification for their failure to seek registrations for these catalogs until years or decades after they were published, and indeed, until after they filed this action.  Nor do they explain why they failed to mention three of the catalogs in their pleadings despite amending their Complaint on three occasions, or why they deleted any reference to Catalog 240A upon amending their Complaint for the third time.  Thus, the Court finds Plaintiffs' belated attempt to amend their Complaint yet again to assert claims based upon these catalogs, two years and eight months after Plaintiffs commenced this action, to constitute undue delay.  The Court further finds that Peer would be unduly prejudiced by permitting amendment at this late stage of the litigation because they have relied upon Plaintiffs' pleadings to conduct extensive discovery, develop a defense, and prepare their dispositive motions.

        Moreover, courts in this Circuit have held that permitting leave to file an amended complaint alleging newly registered copyrights that would relate back to the commencement of the action is not appropriate where the plaintiff attempted to correct the jurisdictional defect only after the three-year statute of limitations governing copyright infringement claims had elapsed.  See Country Road Music, Inc. v. MP3.com, Inc., 279 F. Supp. 2d 325, 332-33 (S.D.N.Y. 2003).  In this case, Plaintiffs contend that Peer's 2005 Catalog infringes their prior catalogs, and thus Plaintiffs' copyright infringement claims based upon the four catalogs at issue have now expired.  See id. (dismissing copyright claims based upon belatedly registered copyrights where plaintiffs offered no explanation for their undue delay in waiting until after defendant moved for summary judgment to seek leave to

10

amend, thereby prejudicing defendant in preparation for upcoming trial). Accordingly, Plaintiffs' copyright claims based upon all works that were unregistered at the time they filed suit are dismissed.

### III.  Conclusion

Based on the above reasoning, the Defendant's motion for partial judgment on the pleadings is GRANTED.  Plaintiffs' copyright claim is dismissed to the extent it relies upon allegations concerning works that were not registered with the United States Copyright Office at the time that they filed this action.


**IT IS SO ORDERED.**


_____/s/_____

**Vanessa L. Bryant**
**United States District Judge**


**Dated at Hartford, Connecticut:  October 27, 2009.**

11